UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JACQUELINE GUNTER,
Plaintiff,

6:16-cv-28-Orl-31TBS

and

SPRINTCOM, INC., d/b/a
SPRINT PCS, a foreign corporation.
Defendants.
_____/

## COMPLAINT

Plaintiff, JAQUELINE GUNTER, by and through her undersigned attorney, hereby sues the Defendant, SPRINTCOM, INC. doing business as SPRINT PCS, and states:

### PARTIES

1. At all times material to this Complaint, Plaintiff, Jacqueline Gunter, is a natural person who is a citizen of Orlando, Florida.

2. At all times material to this Complaint, Defendant, SPRINTCOM, INC., doing business as Sprint PCS, is a foreign profit corporation organized under the laws of the state of Kansas, with its principal place of business in Overland Park, Kansas and is authorized to do business in the State of Florida and conducts substantial business in Orange County, Florida.

3. Beginning in the year 2009 and continuing through 2015, Plaintiff was a cellular phone customer of Defendant.

### JURISDICTION AND VENUE

4. Jurisdiction is proper in this court, pursuant to 28 U.S.C § 1332, as a result of the diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this court as the underlying acts and causes of action originated and

occurred in Orange County, Florida.

## FACTUAL BACKGROUND

6. SPRINT PCS is a major nationwide retailer, provider and servicer of cellular telephones and cellular telephone service, together with related cellular phone equipment and services. SPRINT PCS does business through retail sales and service stores situated throughout the State of Florida and including the location at 9440 W. Colonial Drive #7, Ocoee, FL 34761, also referred to as Sprint Store # 0882 / West Oaks Square.

7. Sprint Store #0882 is wholly owned and operated by SPRINT PCS.

8. At its retail sales and service locations including the aforementioned store in Ocoee, Florida, through its authorized dealers, distributors, franchisees, agents or representatives, SPRINT PCS conducts retail sales of cellular telephones, accessories and cellular telephone service plans to members of the public and also services and repairs customers' existing cellular telephones.

9. At all times material, David Donald (not a party to this action) was employed as a technician by SPRINTCOM, INC. and was engaged in the business of troubleshooting and repairing SPRINT PCS customer phones, including that owned and used by Plaintif.

10. On or about October 16, 2014, Plaintiff, Jacqueline Gunter, went to Sprint Store #0882 for the purpose of having her existing Samsung Galaxy S3 cellular phone repaired. Plaintiff's complaint to the store was that the charging port on the phone was not working.

11. Plaintiff was informed it would take several hours to repair the phone and the phone was left in the care and custody of Sprint Store #0882 and its employees.

12. Among the data stored within Plaintiff's cellular phone were a number of photographs of Plaintiff in an undressed or semi-dressed state. These photographs were of a highly

personal nature and were intended for the personal and private use of Plaintiff.

13. At no time prior to Plaintiff's visit to Sprint Store #0882 had these photographs been seen, transmitted or shared by any persons other than Plaintiff and her significant other, for whom the photographs were intended.

14. Plaintiff left her phone as instructed by a Sprint Store #0882's employee who informed her that the store would need to keep the phone overnight to make the necessary repairs.

15. Plaintiff returned to Sprint Store #0882 on October 17, 2014 to retrieve her phone.

16. Subsequent to leaving the Sprint Store #0882, Plaintiff noticed that her Bluetooth transmitter was on and five (5) of her nude / semi-nude photographs were electronically transmitted to "David's LG G3."

17. Plaintiff's phone was handled/ repaired by Sprint Store #0882 technician David Donald.

18. Plaintiff immediately contacted the store manager who reviewed the evidence on her and confirmed that "David LG G3" was Sprint Store #0882 technician David Donald.

19. At all times material hereto, Sprint Store #0882 technician David Donald was acting within the scope of his employment with SPRINTCOM, INC. when he viewed, downloaded, posted, transferred and electronically transmitted the private personal photographs of Plaintiff.

## COUNT I: INVASION OF PRIVACY

Plaintiff adopts, realleges, and reaffirms the allegations contained in the Factual Background and paragraphs 1-5, as if set forth fully herein.

20. Florida recognizes causes of action for invasion of privacy based on the intrusion by Defendant's employees, their appropriation and theft of Plaintiff's personal property

and private material, and the subsequent public disclosure of her private images.

21. Here, the intrusion and appropriation occurred when SPRINTCOM, INC.'S employees stole the personal private images from Plaintiff's phone while she was a trusting customer of the Defendant.

22. Defendant' employee(s) took Plaintiff's phone, searched through its contents, and stole the images contained therein for their own benefit and amusement.

23. Said images were subsequently electronically transferred and transmitted to other individuals unknown to Plaintiff.

24. Defendant's employee(s) acquired Plaintiff's private photographs during the course and scope of their employment with SPRINTCOM, INC. and in the course of their ostensibly assisting Plaintiff with the repair of her cellular phone pursuant to the customer agreement between Plaintiff and Defendant.

25. Plaintiff is a private citizen and the contents of her cellular phone and her personal private pictures were not of a public concern.

26. Defendant's employee(s) distributed her private photos among other SPRINTCOM, INC. employees and untold numbers of their friends, associates and family members; who then likely transmitted and distributed the photos among their friends, associates and family members; and so on, and so on, and so on....

27. On similar facts involving the theft and appropriation of personal photographs from someone private cellular phone, the Courts have found such facts sufficient to have stated a cause of action for invasion of privacy by both intrusion and public disclosure of private facts.

28. As the direct and proximate result of the actions of the Defendant by and through their

agents, servants, employees and representatives, Plaintiff, Jacqueline Gunter, has suffered injury and has been damaged.

29. Said damages include, but are not necessarily limited to: mental and psychological injury and trauma, mental and emotional anguish and embarrassment, pain and suffering, invasion of her privacy, damage to her reputation, loss of present and future earnings, loss of earning capacity and loss of the capacity for the enjoyment of life, as well as additional economic damages incurred in her attempts to avoid the trauma of the event, and the aggravation of any pre-existing injuries or conditions. These injuries will continue in the future.

WHEREFORE, Plaintiff, Jacqueline Gunter, prays for entry of a judgment against the Defendant for all damages alleged and identified herein in a sum to be determined by the trier of fact with pre-judgment interest and costs and all other relief to which this Court may deem Plaintiff is entitled.

## COUNT II: NEGLIGENCE

Plaintiff adopts, realleges, and reaffirms the allegations contained in the Factual Background and paragraphs 1-5, as if set forth fully herein.

30. At all times material hereto, Defendant, pursuant to 47 U.S.C. sec. 222(a), had a non-delegable duty to protect the confidentiality of Plaintiff's proprietary information, such as photographs.

31. At all times material hereto, Defendant had a non-delegable duty to deal honestly and fairly and to protect the privacy of personal private information, including photographs, that was entrusted to Defendant based upon the representations of Defendant's employees,

agents and representatives for the purposes of completing services contracted for by and between SPRINT PCS and Plaintiff.

32. Defendant further had a duty to use reasonable care in the supervision of its employees and a duty to monitor and control the actions of its employees for the protection of customers and third parties.

33. Defendant was negligent and breached their duty to the Plaintiff in the following respects:

   a. failure to adequately screen out such undesirables during the hiring process;

   b. failure to provide or conduct training or employee education as to the legal implications of dealing with private, personal information and the consequences of the theft or unauthorized viewing or electronic transmittal of such information;

   c. failure to provide or conduct even rudimentary supervision of its employees or to monitor their interaction with customers;

   d. failure to establish and implement operating rules, procedures, and regulations designed to prevent such occurrences at its retail locations, such as the subject store in Bartow, Florida.

   e. failing to provide adequate training and/or to establish and implement written rules, manuals, regulations, and/or workbooks to govern the behavior and conduct of their employees when personal property is left on the premises or, in the alternative, by failing to provide adequate supervision to enforce any and all such rules, regulations, manuals and/or workbooks and/or the Defendants knew or should have known that the above identified conduct by their employees would subject third parties to an unreasonable risk of harm, physical and emotional damage and distress, and violation of third parties' right to privacy;

  f. Failure to take necessary steps to protect the privacy and safety of Defendant's own customers and to ensure that their customers were not compromised and that their privacy and personal rights were not put at risk or violated.

34. As the direct and proximate result of the negligence of the Defendant, Plaintiff, Jacqueline Gunter, has suffered injury and has been damaged.

35. Said damages include, but are not necessarily limited to: mental and psychological injury and trauma, mental and emotional anguish and embarrassment, pain and suffering, invasion of her privacy, damage to her reputation, loss of present and future earnings, loss of earning capacity and loss of the capacity for the enjoyment of life, as well as additional economic damages incurred in her attempts to avoid the trauma of the event, and the aggravation of any pre-existing injuries or conditions. These injuries will continue in the future.

  WHEREFORE, Plaintiff, Jacqueline Gunter, prays for entry of a judgment against the Defendant for all damages alleged and identified herein in a sum to be determined by the trier of fact with pre-judgment interest, costs, attorney's fees pursuant to 47 U.S.C. §206, and all other relief to which this Court may deem Plaintiff is entitled.

## COUNT III: THEFT AND CONVERSION

  Plaintiff adopts, realleges, and reaffirms the allegations contained in the Factual Background and paragraphs 1-5, as if set forth fully herein.

36. Plaintiff did not grant SPRINT PCS and or its employees, agents or representatives, permission to review, transmit or otherwise share the personal private images contained on her cellular phone.

37. Defendant's employee(s) took Plaintiff's phone, searched through its contents, and stole

the images contained therein, converting them to their own use for their own benefit and amusement.

38. Defendant's employee's actions were within the scope of his employment and constituted the crime of theft under existing Florida law/.

39. Defendant, as a result of the criminal acts of their employees acting within the course of their employment, face clear liability under Florida's Civil Remedies for Criminal Practices Act, codified at Florida Statutes §§ 772.104 et seq.

40. Section 772.11, Florida Statutes, provides for the award of treble damages based on the theft of Plaintiff's photographs, and also allows the recovery of her attorneys' fees and court costs in both the trial and appellate courts.

41. Plaintiff has fulfilled all conditions precedent to raising a claim for damages under Section 772.11, Florida Statutes.

42. Plaintiff has retained the undersigned counsel to pursue this action and is obligated to pay said attorneys a reasonable fee for their services in connection with the Defendant's actions as described herein.

43. Pursuant to the provisions of section 772.11, Florida Statutes, Plaintiff demands treble damages and attorney's fees.

44. As the direct and proximate result of the actions of the Defendant, by and through their agents, servants, employees and representatives, Plaintiff, Jaqueline Gunter, has suffered injury and has been damaged.

45. Said damages include, but are not necessarily limited to: mental and psychological injury and trauma, mental and emotional anguish and embarrassment, pain and suffering, invasion of her privacy, damage to her reputation, loss of present and future earnings,

loss of earning capacity and loss of the capacity for the enjoyment of life, as well as additional economic damages incurred in her attempts to avoid the trauma of the event, and the aggravation of any pre-existing injuries or conditions. These injuries will continue in the future.

WHEREFORE, Plaintiff, Jacqueline Gunter, prays for entry of a judgment against the Defendant, for all damages alleged and identified herein in a sum to be determined by the trier of fact with pre-judgment interest, costs, treble damages, attorneys' fees and all other relief to which this Court may deem Plaintiff is entitled.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff adopts, realleges, and reaffirms the allegations contained in the Factual Background and paragraphs 1-5, as if set forth fully herein.

46. The actions of the Defendant, by and through their agents, servants, employees and representatives as set forth herein, constitute conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.

47. As the direct and proximate result of the acts of the Defendant, by and through their agents, servants, employees and representatives, Plaintiff, Jacqueline Gunter, has suffered injury and has been damaged.

48. Said damages include, but are not necessarily limited to: mental and psychological injury and trauma, mental and emotional anguish and embarrassment, pain and suffering, invasion of her privacy, damage to her reputation, loss of present and future earnings, loss of earning capacity and loss of the capacity for the enjoyment of life, as well as additional

economic damages incurred in her attempts to avoid the trauma of the event, and the aggravation of any pre-existing injuries or conditions. These injuries will continue in the future.

WHEREFORE, Plaintiff, Jacqueline Gunter, prays for entry of a judgment against the Defendants, jointly and severally, for all damages alleged and identified herein in a sum to be determined by the trier of fact with pre-judgment interest and costs and all other relief to which this Court may deem Plaintiff is entitled. .

## COUNT V: RESPONDEAT SUPERIOR & VICARIOUS LIABILITY

Plaintiff adopts, realleges, and reaffirms the allegations contained in the Factual Background and paragraphs 1-5, as if set forth fully herein.

49. At all times material hereto, David Donald was employed to Defendant SPRINTCOM, INC. and acting within the scope of his employement as technician at Sprint Store #0882 owned and operated by Defendant SPRINTCOM, INC. and in furtherance of its interests.

50. The theft of Plaintiff's photos and personal information from her cellular telephone occurred during the work hours of David Donald and during the time he was supposedly being actively supervised by SPRINTCOM, INC.

51. David Donald gained custody of and access to Plaintiff's cellular phone and her private information contained therein solely as a result of his employment with SPRINTCOM, INC.

52. The actions of David Donald as described herein were at all times substantially aided and made possible because of his status as an employee or representative of SPRINTCOM, INC.

53. SPRINTCOM, INC. supplied David Donald with the indicia of alleged respectability and trustworthiness by his being outfitted with the SPRINT PCS logos, materials and

equipment, making it clear and obvious to the customers and to Plaintiff, that he was a representative of SPRINT PCS, a well-known and respected national company that was in the business of providing cellular telephone services and for whom privacy and security were assured by SPRINTCOM, INC.

54. At all times material, David Donald was acting for the benefit of SPRINTCOM, INC. and was in the service of the Defendant and his assault on the privacy and security of Plaintiff took place within the time and space limits of his employment with SPRINTCOM, INC.

55. As the direct and proximate result of the acts of the Defendant, by and through their agents, servants, employees and representatives, Plaintiff, Jacqueline Gunter, has suffered injury and has been damaged.

56. Said damages include, but are not necessarily limited to: mental and psychological injury and trauma, mental and emotional anguish and embarrassment, pain and suffering, invasion of her privacy, damage to her reputation, loss of present and future earnings, loss of earning capacity and loss of the capacity for the enjoyment of life, as well as additional economic damages incurred in her attempts to avoid the trauma of the event, and the aggravation of any pre-existing injuries or conditions. These injuries will continue in the future.

WHEREFORE, Plaintiff, Jacqueline Gunter, prays for entry of a judgment against the Defendants, jointly and severally, for all damages alleged and identified herein in a sum to be determined by the trier of fact with pre-judgment interest and costs and all other relief to which this Court may deem Plaintiff is entitled. .

## DEMAND FOR JURY TRIAL

57. Plaintiff demands trial by jury of all counts and issues so triable as a matter of right.

Dated: January 4, 2016                                     Respectfully submitted,

/s/ Alisia Adamson
Alisia Adamson, Esq.
FL Bar No. 60767
Attorney for Plaintiff
HAWM, PLLC
120 East Colonial Dr.
Orlando, FL 32801
P: 407-802-3223
F: 407-377-1971
Primary email: aadamson@hawmlaw.com
Secondary email: aalbury@hawmlaw.com
