# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JACQUELINE GUNTER,**

      **Plaintiff,**

**v.**                                                                                  **Case No: 6:16-cv-28-Orl-31TBS**

**SPRINTCOM, INC.,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Compel Arbitration (Doc. 15) filed by the Defendant, Sprintcom, Inc. ("Sprint"). Although the deadline for a response has passed, there has been no opposition filed to the motion.

The Plaintiff, Jacqueline Gunter ("Gunter") complains that when she took her phone into a Sprint-owned store to have it repaired, the technician who did the repair copied several private photos of the Plaintiff off of her phone and onto his own. (Doc. 1 at 3). Based on this, Gunter has sued Sprint for breach of privacy (Count I); negligence (Count II); theft and conversion (Count III); intentional infliction of emotional distress (Count IV); and respondeat superior and vicarious liability (Count V).

Sprint seeks to compel arbitration of the dispute based on language from the subscriber agreement Gunter entered into in 2009. That agreement provided that the parties would "settle all disputes … only by arbitration" and defined "disputes" to encompass "any claims or controversies against each other related in any way to our Service or the Agreement, including, but not limited to, coverage, Devices, privacy, or advertising, even if it arises after Service is terminated." (Doc. 15-3 at 21-22). The agreement to arbitrate also covered any claims brought by the subscriber

against Sprint employees.   (Doc. 15-3 at 22).   The subscriber agreement was updated several times during the period when Gunter was a Sprint customer, but these terms and conditions were not materially affected.

The Federal Arbitration Act, 9 U.S.C. §1 *et seq.*, creates a presumption in favor of arbitration.  *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983) (stating that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.").   Under the F.A.A., there are three factors for the court to consider in determining a party's right to arbitrate: (1) a written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived.   In light of the foregoing, and in the absence of any guidance from the plaintiff, it appears that these requirements have been met.   The subscriber agreement between the parties contains an arbitration clause; the damages resulting from the Sprint technician's alleged misbehavior appears to be an arbitrable issue; and there is no indication of waiver.   Accordingly, it is hereby

**ORDERED** that the Motion to Compel Arbitration (Doc. 27) is **GRANTED** and this matter is **STAYED** pending arbitration.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 15, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party